## TIM CHERRY v. STATE.

[60 South. 138.]

1. CRIMINAL LAW.　*Vulgar language.　Indictment.*

An indictment which merely charges the defendant with using obscene language, setting out the language and the place it was used and charging that it was in the presence of a female, is fatally defective for failing to charge that the language was unlawfully'used.

2. CRIMINAL LAW.　*Prior conviction.　Validity.*

Where a defendant was tried and convicted before a justice of the peace on Sunday of a misdemeanor and paid the fine, it was a bar to a subsequent prosecution for the same offense, since no person can be punished twice for the same offense.

APPEAL from the circuit court of Simpson county.
HON. W. H. HUGHES, Judge.

Tim Cherry was convicted of disorderly conduct and appeals.

The facts are fully stated in the opinion of the court.

*Hilton & Hilton*, attorneys for appellant.

*Frank Johnston*, assistant attorney-general, for the state.

Counsel for both sides filed elaborate briefs too long for publication.

Argued orally by *R. T. Hilton*, for appellant and *Frank Johnston*, assistant attorney-general, for state.

COOK, J., delivered the opinion of the court.

At the very threshold of this case we find an indictment which fails to charge any offense known to the law. Appellant interposed a demurrer to the indictment, and the same was overruled by the trial court. The indictment charges that defendant "entered the curtilage of the yard and premises of Jessie Slay, and, while near the yard

and residence of Jessie Slay, he, the said Tim Cherry, in the presence of a female, to wit, Mrs. Jessie Slay, a female, made use of the following vulgar and indecent language," setting out the language.

The indictment does not charge that the language was unlawfully used, but merely charges the defendant with using the obscene language at the place named, and in the presence and hearing of a female. The mere uttering of the words is not a violation of the law, and it is easy to conceive that under certain circumstances the defendant might have used the alleged language at the place laid in the indictment, and in the presence of a woman, without violating the statute. There may be cases where the mere setting out of the act done would necessarily constitute a crime, but it cannot be said that the mere uttering of the words alleged to have been employed by appellant was unlawful, and we are of opinion that the demurrer should have been sustained.

After the demurrer was overruled, appellant entered a plea averring that he had been tried and convicted of the crime charged by a court of competent jurisdiction, and that he had paid the fine and costs imposed by said court. The state answered, *nul tiel record*. It appears that the trial before the justice of the peace was had on Sunday, and it is contended that his judgment was void, or, in other words, it was no judgment. The answer to this contention is that appellant paid the judgment and thereby satisfied the law. To make ourselves entirely clear, as it appears that there was a judgment rendered, whereby a penalty was imposed and satisfied, this was a complete defense to the indictment. No person can be punished twice for the same offense.

Again, it is insisted by the state that the evidence shows that there was collusion between appellant and the justice of the peace, whereby appellant was permitted to pay a nominal fine for a serious offense, and thus escape just punishment. It is only necessary to say that the plea

filed by the state did not raise this question, and it cannot be here considered.

Suggestion of error sustained, indictment quashed, and case dismissed.

*Suggestion of error sustained, and case dismissed.*